IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case No. 24-10098-JWB

PERCELLE FINCH-ANDERSON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 32.) The matter is fully briefed and ripe for decision.[1] (Docs. 32, 39.) The motion is dismissed for the reasons stated herein.

**I.     Facts**

On September 5, 2024, Defendant was charged in a three-count indictment with knowingly possessing a firearm in interstate commerce after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), with possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a), and with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 1.) On January 29, 2025, Defendant appeared before the court with counsel, executed a plea agreement, and, after a hearing conducted pursuant to Fed. R. Crim. P. 11, entered a plea of guilty to count one of the indictment. (Docs. 18, 20, 21, 22.)

Defendant's written plea agreement with the government provided, among other things: (1) the maximum sentence which may be imposed as to would be not more than 15 years of

---

[1] Defendant did not file a reply brief and the time to do so has now passed.

1

imprisonment, a $250,000 fine, 3 years of supervised release, and a $100.00 mandatory special assessment; (2) that Defendant agreed to forfeit his property involved in the crimes to the United States; (3) that Defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including, as well as, the length and conditions of supervised release" (Doc. 22 at 5); (4) that Defendant waives "any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including . . . a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001))" (*Id.*); (5) that Defendant does not waive any subsequent claim regarding ineffective assistance of counsel or prosecutorial misconduct; (6) that Defendant had sufficient time "to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided" (*Id.* at 7); (7) that Defendant has read the plea agreement and understands it, and agrees it is true and accurate and not the result of any threats, duress, or coercion; (8) that the plea agreement supersedes all other agreements or negotiations and contains every term of the parties' agreement; and (9) that Defendant acknowledges he is entering the plea agreement and the plea of guilty because he is guilty, and is doing so freely, voluntarily, and knowingly. (*Id.*)

Defendant appeared with counsel for sentencing on April 15, 2025. (Doc. 27.) Neither party objected to the Presentence Report (PSR), which determined that Defendant's total offense level was 19 with a criminal history category of IV, so the guideline imprisonment range was 46 months to 57 months. (Doc. 25.) Defendant's counsel filed a sentencing memorandum in which she petitioned the court to impose a sentence at the low end of the applicable guideline range. (Doc. 26.) After considering all relevant factors, the court imposed a sentence of 42 months, to be

followed by a supervised release term of three years. Judgment was entered on April 16, 2025. (Doc. 28.) No direct appeal was filed.

On August 26, 2025, Defendant filed the instant motion to vacate sentence. (Doc. 32.) In this motion, Defendant argues that 18 U.S.C. § 922(g)(1) violates his second and fourteenth amendment rights to possess a handgun and that he should be immediately released from prison. (*Id.*) Relying on the Third Circuit case of *Range v. Att'y Gen. United States*, 124 F.4th 218 (3d Cir. 2024), Defendant contends that "pursuant to *Bruen* and *Range* individuals have the right to possess and carry handgun despite being a felon," that the government has not met its burden to prove § 922(g)(1) has a relevant analogue in the history of gun relegation, and that either Executive Order No. 14206 or Federal Rule of Criminal Procedure 33 provide him relief. (*Id.*) The government responded by asking this court to enforce Defendant's waiver in his plea deal, and that, in the alternative, Tenth Circuit precedent holds that § 922(g)(1) is constitutional. (Doc. 39.)

**II.    Standard**

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings.

**III.   Analysis**

Defendant seeks relief by arguing that his conviction under 18 U.S.C. 922(g)(1) is unconstitutional as applied to him because it violates his second and fourteenth amendment rights to possess a firearm under the reasoning of the Third Circuit in *Range v. Att'y Gen. United States*, 124 F.4th 218 (3d Cir. 2024). But as discussed below, any such challenge is barred by Defendant's waiver of the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255.

"A defendant's waiver of the right to bring a collateral attack is generally enforceable and requires dismissal of a § 2255 motion." *United States v. Winberg*, 786 F. App'x 753, 756 (10th Cir. 2019). To determine whether a waiver bars the claim, a court must assess: 1) whether the disputed claim falls within the scope of the waiver of collateral review rights; 2) whether the defendant knowingly and voluntarily waived his collateral review rights; and 3) whether enforcing the waiver would result in a miscarriage of justice. *Id*. Defendant's current challenge falls squarely within the scope of his plea agreement waivers of "any right to appeal or collaterally attack any matter in connection with this prosecution . . . [and] any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including . . . a motion brought under 28 U.S.C. § 2255." (Doc. 22 at 5.) The record also shows that Defendant knowingly and voluntarily waived his collateral review rights. Defendant does not allege that he misunderstood or acted involuntarily in adopting the waiver. He was provided competent counsel to explain the waiver and the waiver was clearly spelled out in his plea agreement. The court also addressed the waiver with Defendant at the Rule 11 hearing, and after explaining that a defendant who goes to trial has the right to appeal or collaterally attack his conviction, confirmed Defendant's understanding that under paragraph 10 of the plea agreement "you are generally giving up your right to challenge this prosecution, your conviction,

4

or your sentence in this case, whether by direct appeal, or by collateral attack." (Doc. 38 at 16:3–6.) Defendant's affirmative response under oath confirms that he understood the waiver and voluntarily agreed to it. (*Id*.) As to the "miscarriage of justice" requirement, that only applies: 1) where the district court relied on an impermissible factor such as race; 2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) where the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful. *Winberg*, 786 F. App'x at 758 (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)). Defendant fails to allege any facts that could support any of the possible grounds for a miscarriage of justice. As such, Defendant's argument is barred by his waiver of collateral attack, and his § 2255 motion must be dismissed.

## IV. Conclusion

Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 32) is DISMISSED due to being barred by Defendant's waiver of collateral attack.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED. Dated this 12th day of November, 2025.

                                                  _s/ John W. Broomes_
                                                  JOHN W. BROOMES
                                                  CHIEF UNITED STATES DISTRICT JUDGE